IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| PAUL V. GERLACH<br>122 North Beach Road<br>Hobe Sound, Florida 33455<br><br>    Plaintiff<br><br>v.<br><br>SENTINEL CAPITAL SOLUTIONS INC.<br>38 South Potomac Street<br>Suite 203<br>Hagerstown, Maryland 21740<br><br><br>and<br><br>CORT MEINELSCHMIDT<br>12827 Fountain Head Road<br>Hagerstown, Maryland 21742<br><br><br>and<br><br>CHARLES A. KNOTT JR.<br>185 Tulip Lane<br>Gilbertsville, PA 19525<br><br><br>and<br><br>CAPITAL INVESTMENT GROUP, INC.<br>100 East Six Forks Road<br>Suite 200<br>Raleigh, North Carolina 27609<br><br><br>    Defendants | Civil Case No. _____ |

## COMPLAINT

NOW COMES PLAINTIFF, Paul V. Gerlach, by and through his undersigned attorneys, and sues Sentinel Capital Solutions, Inc., Cort Meinlschmidt, Charles A. Knott, Jr., and Capital Investment Group, Inc. and states as follows:

## PARTIES

1. Plaintiff, Paul V. Gerlach ("Gerlach"), is a citizen of the State of Florida.

2. Defendant, Sentinel Capital Solutions, Inc. ("Sentinel"), is a business incorporated in the State of Maryland, with its principal place of business located in Hagerstown, Maryland.

3. Defendant, Cort Meinelschmidt ("Meinelschmidt"), is a citizen of the State of Maryland.

4. Defendant, Charles A. Knott, Jr. ("Knott"), is a citizen of the State of Pennsylvania.

5. Capital Investment Group, Inc. ("CIG") is a business incorporated in the State of North Carolina with its principal place of business located in Raleigh, North Carolina.

6. Plaintiff asserts that he has complied with all conditions precedent to the filing of this lawsuit.

## JURISDICTION

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship among the parties, and the amount in controversy is greater than $75,000.00.

8. Personal jurisdiction exists over Sentinel, Meinelschmidt and Knott because they reside, are citizens of, are incorporated in, have their principal places of business in and/or

regularly and consistently do business in the State of Maryland, including with respect to the matters that are at issue in this lawsuit pursuant to the Courts and Judicial Proceedings Article of the Maryland Code ("Cts. Art."), § 6-103(b)(1), (4).  Upon information and belief, these Defendants likewise own, have interest in or possess real property in Maryland.  Cts. Art., § 6-103(b)(5).

9. There is personal jurisdiction in Maryland over Defendant CIG because it regularly does business in the State of Maryland. Cts. Art., § 6-103(b)(4).

## VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as this lawsuit concerns events or omissions giving rise to the claims asserted herein that occurred in whole or in part in this judicial district.

## FACTS COMMON TO ALL COUNTS

11. At times relevant to this lawsuit, Sentinel and CIG had a business relationship allowing Sentinel to offer investments in which CIG was an agent, broker, or representative to Sentinel customers.

12. At times relevant to this lawsuit, Knott and Meinelschmidt were employed by Sentinel in Hagerstown, Maryland and were also agents of CIG and were acting within the scope of their employment and agency for Sentinel and CIG.

13. Sentinel and CIG are both Securities and Exchange Commission ("SEC") Regulated Investment Advisors.

14. Sentinel's "mission" is to provide comprehensive investment related to services and products to enhance its client's financial well being.

15. At all times relevant to this lawsuit, Knott and Meinelschmidt possessed Financial Industry Regulatory Authority ("FINRA") licenses to solicit and sell investments and to transact business as investment advisors.

16. At all times relevant to this lawsuit, CIG had a "Servicing Agreement" with Hard Rock Partners 2014 Drilling Program ("HRP").  HRP was owned and operated by Hard Rock Exploration, Inc. ("HRE"), a West Virginia Oil and Gas Company.  Based upon the Servicing Agreement and CIG's success in marketing the HRP, CIG and its principals, agents, brokers and representatives, including the Defendants, had access to management and personnel at HRE, as well as to material information regarding its finances, business, operations, and prior drilling programs.

17. On September 21, 2013, Mr. Knott solicited Plaintiff to invest $1,000,000.00 in the 2014 HRP drilling program. Knott informed Plaintiff: "I believe this is a terrific and extremely advantageous opportunity".

18. Defendants, as investment advisors, owed fiduciary duties to Plaintiff.  Plaintiff relied on the Defendant investment advisors to reasonably and adequately investigate and recommend reasonable investments.

19. At the time Defendants solicited Plaintiff for the HRP investment, Defendants knew, or at least should have known and disclosed to Plaintiff, that HRE had violated its bank loan covenants, was not generating sufficient operating income to support its expenses and was relying on solicited investor funds from drilling programs to remain solvent and a going concern, had used drilling program funds to pay non-drilling program expenses, and had not completed its 2013 drilling program, even though it had already spent virtually all the funds from the 2013 drilling program investor funds, and used some of the investor funds for other purposes not

authorized in the prior solicitations of the drilling programs. Any reasonable due diligence review of HRE and the potential investment in HRE would have disclosed these facts and required their disclosure to Plaintiff, along with a recommendation to avoid the investment.

20. Plaintiff relied on Defendants to disclose facts that would be material to a reasonable investor.

21. Defendants failed to disclose any of the facts set forth above in Paragraph 19. Had Defendants, or any of them, disclosed to Plaintiff any of the information set forth in Paragraph 19, Plaintiff would not have invested in HRP.

22. Plaintiff was otherwise unaware of any of the information set forth in Paragraph 19.

23. Defendants owe fiduciary duties to Plaintiff independent of his education, training, vocation, or investment experience, as Defendants knew that Plaintiff would not be acting as his own financial advisor, but would be relying on Defendants' recommendations and investment advice concerning the investment. Defendants had the ability and duty to acquire all material information regarding the investment and to convey it to Plaintiff. Defendants' compensation for Plaintiff's investment included a commission, plus a due diligence fee and Plaintiff reasonably relied upon Defendants performing well this due diligence consistent with the fee and commission Defendants were paid when Plaintiff invested his $1 Million.

24. Defendants failed to inform Plaintiff that the 2014 HRP Drilling Program investment Defendants' solicited Plaintiff to make and which he made in justifiable reliance on Defendants' solicitation, would likely result in nothing other than a partial tax deduction.

25. Plaintiff relied on Defendants' advice and recommendations and invested in HRP through a 2014 Subscription Agreement, by which Plaintiff invested $1 Million in the 2014 HRP

Drilling Program ("Investment").  Meinelschmidt signed the Subscription Agreement as the "Selling Registered Representative".  CIG is identified as the "broker /dealer."

26. Plaintiff did not contribute to his damages.  Plaintiff was not in the position of Defendants to determine the true nature of the financial status of HRP and HRE and the adverse impact these and other undisclosed factors would have on Defendants' recommended investment

27 Plaintiff relied on Defendants to his detriment regarding the recommended investment and it was reasonable for Plaintiff to do so.

28. HRE filed a bankruptcy petition in Chapter 11, which was converted to a liquidation.  That proceeding was recently closed, with no payment to Plaintiff. It was only in the late stages of that bankruptcy proceeding that Plaintiff first became aware of some of the deficiencies, issues and shortcomings of HRP and HRE identified herein, which have led to the filing of this action.

## COUNT ONE:  BREACH OF FIDUCIARY DUTY

29. Plaintiff incorporates by reference Paragraphs 1 through 28, as if fully stated herein.

30. At all times relevant, the relationship between Plaintiff and Defendants was a fiduciary relationship.  As investment advisors, each Defendant owed a fiduciary duty to act primarily for the benefit of Plaintiff.

31. Defendants owed a duty to act in the best interests of Plaintiff, including not misleading him, nor otherwise failing to investigate and disclose facts that would be material to a reasonable investor.

32. Defendants owed a duty to investigate the potential risks in the Investment, including the financial status and stability of HRP and HRE and their respective performance and operations, before Defendants solicited, advised and recommended the Investment to Plaintiff.

33. Defendants owed a duty to not omit to state to Plaintiff any material fact necessary in order to make Defendants' other statements to Plaintiff about the Investment not misleading.

34. Defendants breached the fiduciary duties owed to Plaintiff by failing to investigate and discover the then existing poor financial condition of HRE and incomplete prior drilling programs and diversion of funds therefrom and to communicate that any other adverse information about HRE and the HRP to Plaintiff. Defendants failed to disclose to Plaintiff that at the time Defendants solicited Plaintiff to make the Investment and recommended that he do so, HRE had defaulted on bank loan covenants, and had not completed its 2013 drilling program, even though it had already spent virtually all the funds from the 2013 drilling program investor funds, and used some of those funds for unauthorized purposes, other than for drilling wells in 2013 HRP Program.

35 By nature of the fiduciary relationship between Plaintiff and Defendants, Plaintiff had a right to rely upon and trust the information provided by Defendants regarding the Investment and to believe that the information disclosed or provided was accurate and complete.

36. As a result of Defendants' breaches of their fiduciary duties and related acts and omissions, Plaintiff has suffered damages, including loss of the value of the $1 million investment, loss of investment income, and other damages.

WHEREFORE, Plaintiff Paul V. Gerlach demands judgment against Defendants, jointly and severally, for monetary damages in an amount in excess of $75,000.00 in compensatory

damages, plus interest, costs, attorneys' fees and any and all such further relief to which the Court finds he is entitled.

/s/ Stephen S. McCloskey
Stephen S. McCloskey (04640)
Thomas V. McCarron (08145)
Semmes, Bowen & Semmes
25 S. Charles Street
Suite 1400
Baltimore, MD 21201
PH:   410.576.4842
      410.576.4854
FX:   410.539.5223
smccloskey@semmes.com
tmccarron@semmes.com
*Attorneys for Plaintiff, Paul V. Gerlach*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues.

*/s/  Stephen  S. McCloskey*
Stephen S. McCloskey (04640)
